**United States Bankruptcy Court**
**Middle District of Georgia**

IN RE:                                                                         Case No. _____
**Harris, Denevious B. Sr.**                                            Chapter **13**
                                       Debtor(s)

# CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $ **185.00** monthly.

2. From the payments so received, the trustee shall make disbursements as follows:

  (a) The trustee percentage fee as set by the United States Trustee.

  (b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| Name of Creditor | Payment Amount | Month of First Payment Under Plan |
|---|---|---|
| **None** | | |

  (c) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| **Name of Creditor** | **Adequate Protection Amount** |
|---|---|
| | |

  (d) After the confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| Name of Creditor | Amount Due | Value | Interest | Collateral | To Be Paid |
|---|---|---|---|---|---|
| **TITLEMAX** | 300.00 | 300.00 | 5.25 | 1997 Jeep Grand Cherokee | 7.00 |

  (e) Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $ **2,500.00** to be paid per local rule in effect now.
                                                                          Monthly Payment Amount

  (f) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| **CHASE MORTGAGE** | 6,444 | 6,444 | included | MTG ARREARS | 116.00 |
|---|---|---|---|---|---|

  (g) The following collateral is surrendered to the creditor:
      **SURRENDERS KIRBY VACUUM TO UNITED CONSUMER FINANCIAL.**

  (h) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will/will not be made simultaneously with payment of the secured debt and will/will not include interest at the rate of \_\_\_\_% Interest can only be included if the plan is proposing to pay all claims in full.)

| Name of Creditor | Payment Amount |
|---|---|
| | |

  (i) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt.
      **None**

  (j) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.
      **None**

(k) The debtor(s) will act as his/her/their own disbursing agent on the following debts:
   **Chase Mortgage for mortgage at $946 monthly beginning March 1, 2011.**
   **Furniture Mart Rentals for rental dryer at $50 monthly.**
   **Direct Loans for student loans, now deferred.**

(l) Special provisions:
   (1) Payroll deduction to be made from Debtor's employer.

   (2) Upon confirmation of this plan, the court is confirming that debtor(s) has provided all necessary pay stubs as required and is otherwise in compliance with 11 USC Section 521(a)(1).

   (3) Upon discharge, all purchase money and non-purchase money, non-possessory, liens and/or judicial/statutory liens in favor of the above secured creditors will be avoided pursuant to 11 U.S.C.. §522(f), and upon notice of discharge, the creditors shall cancel said lien(s) of record within 15 days of notice.  **FURNITURE MART RENTALS, TITLE MAX,  UNITED CONSUMER FINANCIAL.**

(m) General unsecured creditors whose claims are duly proven and allowed will be paid
   (1) ____**%** dividend or prorata share of  $_____, whichever is greater; or
   (2) the debtor(s) will make payments for  **56**  months and anticipates a dividend of  **0%.**

FEBRUARY 16, 2011                                         */s/ Denevious B. Harris, Sr.*

                                                          _____
                                                          Signature of Debtor